411 F.2d 249
 LOCAL NO. 380 INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and
Flambeau Plastics Corporation, Intervenor.
 No. 17104.
 United States Court of Appeals Seventh Circuit.
 June 9, 1969.
 
 Kenneth R. Loebel, Goldberg, Previant & Uelmen, Milwaukee, Wis., for petitioner.
 Walter S. Davis, Russ R. Mueller, Davis, Kuelthau, Vergeront & Stover, Milwaukee, Wis., for intervenor.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Charles N. Steele, Atty., N.L. R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., for respondent.
 Before KNOCH, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.
 KNOCH, Senior Circuit Judge.
 
 
 1
 Petitioner, Local 380, International Union, Allied Industrial Workers of America, AFL-CIO, seeks review and revocation of an Order of the National Labor Relations Board issued June 27, 1968, reported at 172 NLRB No. 33, dismissing an unfair labor practice complaint against the intervenor, Flambeau Plastics Corporation. This Court has jurisdiction under § 10(f) of the National Labor Relations Act, as amended, Title 29 U.S.C. § 151 et seq. The alleged unfair labor practice occurred in Baraboo, Wisconsin, at the intervenor's plant there.
 
 
 2
 The facts are largely stipulated. The petitioner was certified as the collective bargaining representative of the production and maintenance workers at intervenor's plant in March, 1963. In May, 1965, after a number of unfair labor practices by intervenor, it entered into a one-year contract with the petitioner.
 
 
 3
 Prior to and during negotiations for a successor agreement, intervenor committed further unfair labor practices. On September 15, 1966, the intervenor withdrew recognition from petitioner asserting a good faith doubt as to the petitioner's continued majority.
 
 
 4
 Meanwhile a strike had begun on June 15, 1966.
 
 
 5
 On May 25, 1967, the Trial Examiner found that the intervenor had violated § 8(a) (5). The Board's Order adopting the Examiner's decision was entered October 13, 1967. In its opinion, filed August 2, 1968, in Flambeau Plastics Corporation, petitioner, v. NLRB, respondent, and Local 380, International Union, Allied Industrial Workers of America, AFL-CIO, intervenor, 7 Cir., 401 F.2d 128, cert. den. January 13, 1969, 393 U.S. 1019, 89 S.Ct. 625, 21 L.Ed.2d 563, this Court ordered enforcement of the Board's direction that intervenor bargain with petitioner, and on application offer reinstatement to their former or substantially equivalent positions to all strikers, dismissing, if necessary, persons hired after the strike began.
 
 
 6
 Prior to the filing of the Board's Order of October 12, 1967, on July 18, 1967, petitioner wrote intervenor that the strike would be "terminated" on July 20, 1967, and demanded resumption of bargaining on the basis of the decision made two months before by the trial examiner whose recommendation was adopted in the Board Order described above.
 
 
 7
 On July 20, 1967, sixty-one of the strikers sent individual but identical applications for reinstatement to the intervenor. These included the following statement:
 
 
 8
 Further, I make this application for reinstatement with the understanding that Flambeau Plastics will continue to recognize and commence bargaining with my duly designated bargaining representative * * * in regard to my wages, hours and other terms and conditions of employment. * * * I am no longer striking, but on the contrary I am willing and available to return to work, but not if it means that I must subsidize an employer who imposes unlawful conditions upon my reinstatement.
 
 
 9
 On July 24, 1967, intervenor replied to the petitioner that it continued to doubt its majority and to the applicants for reinstatement that it was "prepared to consider an unconditional offer * * * to return to regular, full-time employment * * *" and setting a time for such application at the personnel office.
 
 
 10
 July 26, 1967, fifty-eight of the applicants wrote again stating:
 
 
 11
 [Y]ou are conditioning any consideration of my reinstatement on my foregoing my right to presently engage in collective bargaining, which right the National Labor Relations Act affords to me. * * * I am willing to return to work with all the rights that the law affords to me including the right to bargain collectively * * * I have not insisted on any conditions * * * other than those * * * conditions imposed by virtue of law. As to the conditions imposed by law, I believe I have the right to insist on their present enforcement.
 
 
 12
 On July 31, 1967, intervenor answered that:
 
 
 13
 You should understand clearly that Flambeau asks you to waive no rights guaranteed to you under Federal or State law as a condition to your returning to work. By the same token, you cannot demand Flambeau to waive any rights guaranteed to it by Federal or State law as a condition to your returning to work. We fully intend to comply with the processes which you invoked to assert what you believed to be your rights.
 
 
 14
 The majority of the Board found that these requests for reinstatement conditioned return to work on agreement to resume bargaining with the union, and no unconditional application having been made, the intervenor had not committed a violation of § 8(a) (3) and (1) of the Act in rejecting these applications. We agree.
 
 
 15
 A request for reinstatement demanding that the employer remedy the unfair labor practice which the strike protests is a conditional request and the employer is not required to reinstate the applicant. Golay & Co., Inc. v. NLRB, 7 Cir., 1966, 371 F.2d 259, cert. den. 387 U.S. 944, 87 S.Ct. 2079, 18 L.Ed.2d 1332.
 
 
 16
 Whatever may be said of the numerous unfair labor practices in its history, the intervenor did assert its willingness to leave the determination of the validity of its conduct to the processes of the Act and announced its intention to comply with the decision ultimately reached through these processes, an event which occurred after all the briefs had been filed in this appeal. The intervenor did not ask returning employees to forego their right of representation.
 
 
 17
 We have studied the cases on which the petitioner relies and find them distinguished on their facts. For example, it was the employer who imposed conditions to reinstatement in Phelps Dodge Corporation v. NLRB, 1941, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 and Portage Plastics Co., 1967, 163 NLRB No. 102.
 
 
 18
 We find reasonable the Board's refusal to distinguish between employees' continuing to strike in protest against a refusal to bargain which occurs during an unfair labor practice strike and a new strike to protest the new unfair labor practice.
 
 
 19
 We agree with the Board that it did not reach the issue in NLRB v. Fleetwood Trailer Co., 1967, 389 U.S. 375, 88 S.Ct. 543, 19 L.Ed.2d 614 which petitioner cites as setting down guidelines. The offers to return in Fleetwood were evidently conceded to be unconditional. The Court there held that the rejection of such offers could be supported by legitimate and substantial business justifications but that the burden of such a defense was on the employer and that he did not sustain it by a mere showing that jobs were unavailable on the precise date of the applications. The intervenor here based his rejection of the offers on the nature of the offers themselves. We do not agree with the petitioner that the Board was unduly technical in its view of the offers to return to work. The exchange of correspondence made it clear that the employer would reinstate on an unconditional application leaving the ultimate decision to the "processes of the Act."
 
 
 20
 The petition for review is denied.
 
 
 21
 Denied.